■ HATTIE BROWN, Appellant, v. HARLEM LAUNDRE-CENTRE, INC., et al., Respondents.— Order, Supreme Court, New York County, entered on September 26, 1972, denying plaintiff's motion for a protective order, unanimously reversed, on the law and in the exercise of discretion, and the motion granted, without prejudice, however, to the service of an appropriate notice after plaintiff has been deposed. Appellant shall recover of respondents $40 costs and disbursements of this appeal. In this negligence action, plaintiff seeks recovery for severe injuries sustained as a result of the alleged malfunction of a washing machine. Prior to examining plaintiff before trial, defendants served a notice to discover and inspect, *inter alia,* all experts' reports dealing with the construction and operation of the washing machine in issue; all photographs and other reproductions of the scene of the alleged accident; names and addresses of all witnesses to the alleged accident and such statements as may have been given to plaintiff's agent; and photographs taken by the police department. Aside from the fact that defendants failed to make a sufficient showing to entitle them to obtain most of the items sought, since they were obviously prepared for litigation (CPLR 3101, subd. [d]) or protected as an attorney's work product (CPLR 3101, subd. [c]), it appears from the record before us that defendants are attempting to use discovery procedures as a substitute for independent investigation and research. Under the circumstances here dis-

**513**

closed, orderly procedure requires that defendants first conduct an examination of plaintiff before they attempt to discover and inspect any relevant specifically designated documents (*Rios* v. *Donovan*, 21 A D 2d 409). Concur — Nunez, J. P., Kupferman, Murphy, Lane and Capozzoli, JJ.